# IN THE U.S. DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **AMANDA MILLS**<br>7000 Shaner Drive<br>Walton Hills, OH 44146<br><br>      Plaintiff,<br><br>   -vs.-<br><br>**VILLAGE OF WALTON HILLS**<br>c/o John Montello, Law Solicitor<br>7595 Walton Road<br>Walton Hills, OH 44146<br><br>      and<br><br>**STAN JAWORSKI, CHIEF OF POLICE**<br>**WALTON HILLS**<br>7595 Walton Rd.<br>Walton Hills, OH 44146<br><br>      and<br><br>**OFFICER SCHMIDT, Unit # 7415**<br>7595 Walton Rd.<br>Walton Hills, OH 44146<br><br>      and<br><br>**JOHN DOE SUPERVISOR**<br>7595 Walton Rd.<br>Walton Hills, OH 44146<br><br>      and<br><br>**JOHN DOE 1, UNKNOWN OFFICER**<br>7595 Walton Rd.<br>Walton Hills, OH 44146<br><br>      Defendants. | **CASE NO.:**<br><br>**JUDGE:**<br><br><br><br><br><br>**<u>COMPLAINT</u>**<br><br><br>**(JURY DEMAND ENDORSED HEREIN)** |

## INTRODUCTION

1. This case addresses violations and injuries stemming from the misconduct of various individuals, entities, officers, and other officials in connection with the February 19, 2022, traffic stop and unlawful use of force on Plaintiff Amanda Mills. Amanda Mills was subjected to violent, unnecessary, and needless abuse by the Village of Walton Hills Police Department. Because of the actions of the individual Defendants and as a direct result of the unconstitutional customs, policies, and/or practices of the Village of Walton Hills, Amanda Mills suffered immediate pain, anguish, mental and emotional harm as well as a loss of her dignity and her rights as protected by the United States Constitution.

## JURISDICTION

2. This action is brought pursuant to claims arising under the laws of the State of Ohio; 28 U.S.C. §§1331, 1343; 42 U.S.C. § 1985; and the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; and this court's supplementary jurisdiction powers. This Matter is also brought under 28 U.S.C. §§ 1983 and 1988, as it is also an action for compensatory damages, punitive damages, and attorney fees.

3. Venue is proper as Defendants reside in and/or conduct business in Cuyahoga County.

4. This Court has personal jurisdiction over the Defendants, who reside in and/or conduct business in Cuyahoga County.

## PARTIES

5. Amanda Mills ("Amanda") is a U.S. citizen and a resident of Cuyahoga County, Ohio.

6. Village of Walton Hills ("Walton Hills") is a municipal corporation under Article XVIII of the Ohio Constitution and a "person" subject to suit within the meaning of 42 U.S.C. § 1983. Walton Hills controls, operates, and supervises the Village of Walton Hills Police Department.

7. Officer Schmidt, Unit #7415 ("Officer Schmidt") is and was, at all times relevant, a police officer employed Walton Hills and was acting under color of law and in the course and scope and furtherance of their employment with Walton Hills. This Defendant is a "person" under 42 U.S.C. § 1983.

8. Officer John Doe 1 ("Officer John Doe") is and was, at all times a relevant, police officer employed acting under color of law, in the course and scope, and furtherance of employment. Officer John Doe's exact name and identity is known and/or readily knowable to Officer Schmidt and Walton Hills as his presence, role, audio and video evidence, and other identifying information are within the knowledge, possession, and control of Defendants. Officer John Doe is a "person" under 42 U.S.C. § 1983.

9. Police Chief Stan Jaworski (the "Police Chief") supervised the activities of Walton Hills Police Officers, including The Officers Schmidt and John Doe (collectively the "Officers"), and was responsible for their training, supervision, and conduct, enforcing the regulations of the Village of Walton Hills Police Department, and ensuring that the officers obeyed the laws of the State of Ohio and the United States.

10. John Doe Supervisor ("Supervisor John Doe") is and was, at all times relevant, a police supervisor employed by Walton Hills and was acting under color of law and in the course and scope and furtherance of their employment with Walton Hills. Supervisor John Doe is a "person" under U.S.C. § 1983.

# FACTS

## *Walton Hills Police Officers Conduct a Traffic Stop and become Violent.*

11. On February 19, 2022, Amanda was operating a motor vehicle in Walton Hills, Ohio.

12. While operating such motor vehicle, and while passing through the intersection of Alexander Road and Northfield Road, Amanda noticed Officer Schmidt's police cruiser traveling behind her.

13. Shortly thereafter, Officer Schmidt turned on his cruiser lightbars, and Amanda immediately pulled over.

14. Officer Schmidt was irate as he exited the police cruiser.

15. Officer Schmidt began screaming as he approached Amanda's vehicle.

16. Amanda felt uneasy about Officer Schmidt's demeanor, so she used her cell phone to start recording video.

17. As Officer Schmidt approached Amanda's driver-side door, he shouted at her to get out of the car.

18. Amanda asked "why?" without making any other statement or any sudden movement.

19. At this point, Officer Schmidt realized Amanda was filming him with her cellphone, and he became even more agitated.

20. Without warning, Officer Schmidt opened Amanda's driver-side door, grabbed her by the wrist and arm, and ripped her out of her vehicle.

21. Officer John Doe witnessed Officer Schmidt pull Amanda from the vehicle and assisted him. Both Officers slammed Amanda into the side of her vehicle.

22. Amanda begged the Officers to stop because she was in tremendous physical pain.

23. Amanda screamed that she was not resisting arrest and continued to cry out in pain. Her pleas fell on deaf ears.

*Amanda suffered severe injuries due to the Officers' excessive force.*

24. After handcuffing Amanda, the Officers put her in the back of the police cruiser and searched her vehicle. The Officers found nothing improper in the vehicle.

25. Next, the Officers released Amanda back to her vehicle so she could provide them with her license and information.

26. The Officers later released Amanda from custody.

27. During the stop, the Officers unnecessarily and illegally caused significant physical injury to Amanda's breasts, arm, and wrist.

28. The Officers used excessive force during the stop and directly and proximately caused injury to Amanda, including but not limited to:

    a. Medical bills

    b. Pain and suffering

    c. Emotional trauma

    d. Lost wages

    e. Attorney fees

*The Violent Officers were Totally Unjustified.*

29. At the time of the stop, Amanda was unarmed.

30. At the time of the stop, Amanda was not under the influence of any drugs or alcohol.

31. At the time of the stop, Officers had no specific reason to think Amanda was dangerous or had any dangerous instruments in her vehicle.

32. At the time of the stop, there were no outstanding warrants for Amanda's arrest.

33. At the time of the stop, Amanda had no criminal record.

## FIRST CAUSE OF ACTION
## EXCESSIVE FORCE; 42 U.S.C. § 1983

34. All paragraphs above are incorporated by reference herein as if fully actions of the Officers constitute an excessive use of force without legal justification. The Officers utilized excessive force during the traffic stop of Amanda Mills. The Officers used excessive force against Amanda in a manner in that they immediately, without warning or provocation, violently yanked Amanda from her vehicle and manhandled her while she was pleading that they were causing her pain.

35. The Officers' actions were unreasonable, deliberately indifferent, reckless, willful, wanton, and shocking to the conscience, all of which deprived Amanda of her civil rights, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and through 42 U.S.C. § 1983. Further, the action was performed under color of law and deprived Amanda of federally protected rights, violating 42 U.S.C. § 1983.

36. As a direct and proximate result of Defendants' wrongful conduct as set forth herein, Amanda suffered physical injuries, mental anguish, emotional distress, and other damages.

## SECOND CAUSE OF ACTION
## *MONELL*; 42 U.S.C. § 1983

37. All paragraphs above are incorporated by reference herein as if fully rewritten.

38. Walton Hills's policies, practices, customs, and usages regarding arrests, subject control, use of force, and the documentation of uses of force were and are a moving force behind the excessive force used on Amanda by Officers.

39. Walton Hills customarily allows officers to use excessive force without being held accountable or disciplined for their misconduct.

40. Walton Hills failed to institute adequate municipal policies, procedures, customs, usages, practices, and protocols regarding use of force discipline.

41. Walton Hills failed to institute and train Supervisors and officers to hold each other accountable when excessive force is utilized in the field.

42. Walton Hills failed to institute adequate municipal policies, procedures, customs usages, practices, and protocols regarding the use of force on a non-violent citizen.

43. Walton Hills failed to adequately train officers and employees in the proper use of arrestee restraint and compliance techniques.

44. Walton Hills further failed to institute adequate policies, procedures, customs, usages, practices, and protocols for officers regarding the accuracy of individual officer reports when the use of force is used by officers or observed by officers.

45. Walton Hills has not disciplined any of the individual Defendants for the misconduct by officers described in this Complaint despite a duty to do so.

46. The training and supervision provided by Walton Hills to the Officers identified herein was deliberately indifferent to the rights, safety, and health of the citizens, including citizens such as Amanda.

47. The conduct of the Walton Hills identified above constitutes a pattern and practice and again amounts to a moving force behind the constitutional violations and injuries inflicted upon Amanda.

48. This way of doing things is so permanent and well settled in the Walton Hills Police Department it is a custom. There have been repeated complaints and notice to Walton Hills of constitutional violations by Walton Hills Police Officers.

49. The custom and policy of the Walton Hills Police Department is to overact, become angry and impatient then use excessive force and arrest people.

50. This behavior is so permanent and well settled that it constitutes a custom and policy of Walton Hills and the Walton Hills Police Department.

51. This policy is the moving force behind the injuries suffered by Amanda.

52. This long string of excessive force cases against Walton Hills and its police and/or corrections officers demonstrates a pattern and practice by Walton Hills of failing to adequately train, adequately supervise, as well as failing to investigate and discipline, its police officers when it comes to the excessive use of force.

53. As a direct and proximate result of the conduct of each Defendant, Amanda suffered permanent physical injury, pain, emotional distress, mental anguish, and other non-economic and economic damages and losses.

**THIRD CAUSE OF ACTION**
**FAILURE TO INTERVENE**

54. All paragraphs above are incorporated by reference herein as if fully rewritten.

55. Officer John Doe had the opportunity as well as the legal duty to intervene on behalf of Amanda to prevent her rights from being violated or to curtail the violation of her rights.

56. Officer John Doe failed in this regard and is therefore liable.

57. Officer John Doe's actions and inactions were under the color of law and deprived Amanda of federally protected rights.

58. Officer John Doe's actions and inactions were willful, wanton, reckless, and/or malicious and deprived Amanda of her rights under the State of Ohio and the Ohio Constitution.

59. As a direct and proximate result of the wrongful acts and omissions as set forth herein, these Officer John Doe caused Amanda to suffer extreme physical pain, permanent injury, severe mental and emotional distress, and other economic and non-economic losses.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

60. All paragraphs above are incorporated by reference herein as if fully rewritten.

61. The Officers intended to cause or should have known that their conduct as described would cause injury to Plaintiff and acted maliciously, in bad faith, and in a wanton and reckless manner.

62. Forcibly removing someone from their vehicle without warning or reasonable circumstances and then violently slamming them against the car is so extreme, outrageous, and beyond the realm of human decency and intolerable in a civilized society that emotional distress is guaranteed to occur.

63. With no provocation, warning, or circumstances warranting the Defendants' behavior, Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency.

64. As a direct and proximate result of Defendants' actions, Amanda suffered and will continue to suffer severe mental anguish and distress of such a nature that no reasonable person could be expected to endure it, and for which these Defendants are liable.

65. These Defendants' acts were willful, wanton, egregious, malicious, and worthy of a substantial sanction to punish and deter Defendants and others from engaging in this unlawful conduct.

**FIFTH CAUSE OF ACTION**
**FAILURE TO TRAIN AND**
**FAILURE TO SUPERVISE; 42 U.S.C. § 1983**

66. All paragraphs above are incorporated by reference herein as if fully rewritten.

67. Walton Hills, Walton Hills Chief of Police, and Supervisor John Doe of the Walton Hills Police Department (collectively "Defendants") had notice of persistent patterns, policies, practices, and customs of the Walton Hills Police Department and its officers, including Officers, to deprive citizens of their right to be free from the use of excessive force. Defendants' deliberate indifference to their officers' failure to use reasonable force constitutes an official policy that was the moving force behind the deprivation of Amanda's rights. By their indifference, these Defendants implicitly authorized, approved, and knowingly acquiesced in the unconstitutional conduct against Amanda.

68. Defendants had prior notice of the offending Officers' propensities to engage in unconstitutional conduct but failed to sufficiently train them in the proper use of force or to adequately supervise them or discipline them for their misconduct.

69. As a direct and proximate result of the Defendants' actions, Amanda suffered physical injuries and damages in an amount to be determined at trial and other reasonably anticipated results, including anxiety and emotional effects.

## SIXTH CAUSE OF ACTION
## WILLFUL, WANTON, RECKLESS, MALICIOUS, AND BAD FAITH CONDUCT

70. All paragraphs above are incorporated by reference herein as if fully rewritten.

71. Each of the Defendants acted in a willful, wanton, reckless, and/or malicious manner and/or acted in bad faith while acting in the course of their employment and under color of law, which culminated in the injuries, deprivations and damages set forth herein such that these Defendants are not entitled to the defenses and immunities for negligent conduct in O.R.C. § 2744.01 *et seq.*

72. Despite no warning or adequate cause, officers snatched Amanda out of her vehicle and slammed her across the car, ignoring Amanda's screams of pain.

73. The Defendants' actions and/or omissions, including but not limited to the misdeeds as set forth herein, were done in a willful, wanton, reckless, malicious, and/or bad faith manner. As a direct and proximate result of their actions and/or omissions, Amanda suffered extreme physical pain, permanent injury, severe mental and emotional distress, and other economic and non-economic losses.

## SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, RETENTION, DISCIPLINE, AND SUPERVISION

74. All paragraphs above are incorporated by reference herein as if fully rewritten.

75. Village of Walton Hills ("Walton Hills") employed Defendants.

76. Given the nature of law enforcement, it is reasonably foreseeable that police officers, without adequate training and supervision, may abuse authority, use excessive force, or violate a person's Constitutional rights.

77. Walton Hills, by and through its supervisors, officers, and officials, knew or should have known that the Officers had a propensity for engaging in unlawful activities such as excessive force, failing to intervene, and willful, wanton, reckless, malicious and/or bad faith behavior.

78. Walton Hills, by and through its supervisors, officers, and officials, also failed to adequately train Officers relative to arrests, proper use of force versus excessive force, the need to intervene versus failing to intervene when there is both a legal duty and an opportunity to do so, and avoiding willful, wanton, reckless, malicious and/or bad faith behavior as well as other areas of training relevant to the matter herein.

79. Walton Hills, by and through its supervisors, officers, and officials, also failed to adequately discipline and/or supervise these Officers relative to improper arrests and arrest techniques, proper use of force versus excessive force, the need to intervene versus failing to intervene when there is both a legal duty and an opportunity to do so, and avoiding willful, wanton, reckless, malicious and/or bad faith behavior.

80. Walton Hills, by and through its supervisors, officers, and officials, engaged in negligent and/or willful, wanton, and/or reckless conduct in hiring, training, disciplining, retaining, and/or supervising Officers.

81. Walton Hills owed a duty to Amanda to adequately train, supervise, and retain police officers competent to perform their police duties.

82. These Defendants knew or should have known by exercising reasonable care that Officers who took part in the traffic stop of Amanda were incompetent to perform their duties and were inadequately trained in the use of force and constitutional requirements and inadequately disciplined, all of which directly and proximately caused Amanda's physical, emotional and financial injury.

83. As a direct and proximate cause of Defendants' actions, Amanda suffered physical injuries and damages in an amount to be determined at trial and other reasonably anticipated results, including anxiety and emotional effects.

### EIGHTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

84. All the above paragraphs are incorporated by reference herein as if fully rewritten.

85. Amanda was subjected to physical peril at the hands of Officers and suffered severe emotional distress.

86. As a direct and proximate result of these Defendants' unlawful conduct, Amanda has suffered and will continue to suffer severe mental anguish for which these Defendants are liable.

### NINTH CAUSE OF ACTION
### BATTERY

87. All the above paragraphs are incorporated by reference herein as if fully rewritten.

88. The Officers' above-described acts constitute a battery as they intentionally caused a harmful and/or offensive contact with Amanda, and a harmful contact resulted.

89. The privilege to commit battery when making a lawful arrest is negated by the use of excessive force.

90. The described acts were done without cause or provocation by Amanda and intending to cause Amanda injury or offense.

91. As a direct and proximate result of Officers' described acts, Amanda suffered severe injuries, pain and suffering, loss of income, mental anguish, humiliation, and other diverse damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court award damages to them and against these Defendants in excess of $25,000.00, jointly and severally, including all statutory damages, compensatory damages, punitive damages, attorney fees, costs of court, pre-and post-judgment interest, and all other relief, whether in law or in equity, which will fully and fairly compensate Plaintiff for her injuries and damages.

Respectfully submitted,

*John T. Pfleiderer*
Warner D. Mendenhall  (0070165)
Brian C. Unger           (0096884)
John T. Pfleiderer       (0100195)
MENDENHALL LAW GROUP
190 N. Union Street, Suite 201
Akron, OH 44304
Telephone:    (330) 535-9160
Fax:               (330) 762-9743
Email:  warner@warnermendenhall.com
            brian@warnermendenhall.com
            john@warnermendenhall.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Amanda Mills hereby demands a trial by jury on all issues so triable.

*/s/ John T. Pfleiderer*
John T. Pfleiderer
*Attorney for Plaintiff*